## C. A. WHEELER V. W. H. WHEELER.

### (Case No. 2214.)

1. SEQUESTRATION—MOTION TO QUASH WRIT—MAY BE FILED, WHEN—A motion to quash a writ of sequestration need not be filed, as pleas to the jurisdiction over the person or other dilatory pleas are required to be, before pleas to the merits, but may be filed and acted on at any time before the case has been disposed of.

2. PLEADINGS—EVIDENCE—PROBATA ET ALLEGATA—Where there are no pleadings presenting an issue to which evidence offered is appropriate, an objection to the introduction of such evidence should be sustained.

3. JUDGMENT—PLEADINGS—PRAYER FOR RELIEF—When the entire record shows that the trial court, in rendering judgment, passed upon matters not fairly before it by the pleadings in the case, and gave relief for which there was no prayer, such judgment is erroneous, and will be reversed.

APPEAL from Waller. Tried below before the Hon. Wm. H. Burkhart.

This was a suit by W. A. Wheeler against C. A. Wheeler for recovery of certain property, or, in the alternative, for recovery of a certain debt and foreclosure of a mortgage on the property, as security therefor.

The petition, in substance, alleged that, on April 18, 1884, the defendant being indebted to plaintiff in the sum of $750, and to one Samuel Roberts in the sum of $981, and being, at the same time, engaged in the manufacture of brick, in the town of Hempstead, Waller county, Texas, and in need of money with which to conduct his business, entered into a written contract with plaintiff, whereby it was agreed, by and between themselves, that plaintiff was to pay and satisfy the defendant's indebtedness to Samuel Roberts, and supply the defendant with such sums of money, from time to time, during the succeeding twelve months, as would be needed by him in the work of completing the manufacture of a kiln of brick, then in the course of manufacture, on the Wheeler brick-yard, situated in the town of Hempstead, Waller county, Texas, and was to receive all moneys arising from the brick business in which the defendant was engaged, in Hempstead, and apply the same to the satisfaction and discharge of defendant's indebtedness, of whatever nature, to him ; and, if such, the defendant's indebtedness, was fully paid and discharged within the twelve months, ending April 18, 1885, the Wheeler brick-yard, in Hempstead, together with all the property in anywise appertaining thereto, including wagons and mules, should become the property of the defendant, and the plaintiff was to execute to him a conveyance thereof, otherwise the title to all of the property was to vest fully and completely in the plaintiff, to the exclusion of the de-

fendant. The petition further alleged payment by plaintiff of defendant's debt to Samuel Roberts, divers advancements of money by plaintiff to defendant, in and about the latter's business, aggregating about $1,400, receipt by plaintiff of a like amount, during same period, from defendant's business, a balance of about $1,600 due plaintiff from defendant at the expiration of the time limited in the contract for the payment of his entire indebtedness, and frequent demands on the defendant for payment of such balance, and his continual neglect and refusal to pay it, or any part of it, or to surrender to plaintiff the possession of the property. The prayer was for judgment for the property, and that plaintiff be quieted in his title thereto; or, if the court should be of the opinion that the agreement was a mortgage, for the amount of his debt and for foreclosure of his lien.

The petition was filed April 29, 1885, and, contemporaneously therewith, plaintiff sued out a writ of sequestration, and the property was taken into custody by the sheriff. The affidavit set forth, as ground for the sequestration, the following : " Plaintiff fears the defendant will injure, waste, or destroy said property (which is described in the affidavit, and alleged to belong to the plaintiff), or remove the same out of the limits of the county  *  *  *  during the pendency of the suit."

On September 7, 1885, defendant answered: First, by demurrers, general and special; second, by general denial; third, by special pleas, that, under the agreement of April 18, 1884, the plaintiff had assumed entire control and management of the business mentioned therein, and he, the defendant, to facilitate the plaintiff, and to give him commercial standing, had, at the same time, placed in his name, not only the title to the brick-yard property, but also the title to lots numbers four and five, in block number one hundred and fifteen, in the town of Hempstead, and a certain tract of ninety-three acres of land, in Waller county; that he, the defendant, was, at the time, a married man and the head of a family, and blocks numbers four hundred and thirty and four hundred and thirty-one were then his place of business and part and parcel of his homestead; that plaintiff had subsequently sold lots numbers four and five, in block number one hundred and fifteen, and also the tract of land in Waller county, and had received the proceeds thereof, but had never credited the defendant therewith, or in any manner accounted to him therefor. The answer charged that the writ of sequestration was wrongfully and maliciously sued out; that defendant had suffered great loss and injury by reason thereof, and claimed $5,000 damages.

On September 17, following, the defendant moved the court to

quash the writ of sequestration, theretofore issued in the cause, because the affidavit was bad, for duplicity and uncertainty, in that it set forth two distinct grounds for the sequestration, in the alternative; but the trial court refused to entertain the motion, because it had not been filed in due order of pleading.

The cause was tried by the court, without the intervention of a jury, and resulted in a judgment for plaintiff for $1,578.40, and in a decree foreclosing lien on all of the brick-yard property, and quieting plaintiff's title to blocks numbers four hundred and thirty and four hundred and thirty-one, lots numbers four and five, in block number one hundred and fifteen, in the town of Hempstead, and the tract of land in Waller county. Defendant appealed.

On the trial, the plaintiff offered to prove that there had been a litigation about lots numbers four and five, in block one hundred and fifteen, in Hempstead, and that the defendant had agreed to give A. J. Harvey a one-half interest therein if he would assume the management of the suit and bring it to a successful issue; that Harvey accepted the offer, gained the suit, and sold his half interest to plaintiff, who had paid him therefor. Defendant objected to the evidence, on the ground that there was nothing in plaintiff's pleadings authorizing such evidence. The objection was overruled, and the evidence allowed to be introduced.

The brick-yard property seems, from the record, to have consisted of block numbers four hundred and thirty and four hundred and thirty-one, in the town of Hempstead, a kiln of about ninety thousand brick, steam engine and boiler, brick machine, mould, and other tools and apparatus usually employed in the manufacture of brick, one horse, one wagon, and four mules.

*Charles A. Harris*, for appellant, that the affidavit for sequestration was defective, cited : Culbertson v. Cabeen, 29 Tex. 248 ; Carpenter v. Pridgen, 48 Tex. 32.

That the judgment of the court did not conform to the case made by the pleadings, he cited : Luckett v. Townsend, 3 Tex. 139 ; Chapman v. Sneed, 17 Tex. 428.

*Harvey & Browne*, for appellee, cited : Tramwell v. Tramwell, 20 Tex. 416 ; Cheatham v. Biddell, 8 Tex 165, 166 ; Engledow v. Jones, 35 Tex. 81.

STAYTON, ASSOCIATE JUSTICE.—The action of the court below, in refusing to consider the motion to quash the writ of sequestration,

was erroneous. Motions of that kind need not be filed, as pleas to the jurisdiction over the person, or other dilatory pleas, before pleas to the merits, but may be filed and acted upon at any time before the case is disposed of. The motion to quash the writ of sequestration should have been heard and sustained.

There is nothing in the pleadings of the plaintiff which can be construed as an averment of ownership in him of the real estate of which the judgment declares him to be the true owner, unless such real estate is embraced in the agreement of date April 18, 1884. The action was brought to recover the property that may be embraced in that agreement, as well as the sum claimed to be due to the plaintiff; and the prayer is for judgment for the property, and that plaintiff be quieted in his title to the real estate named in the defendant's answer. This last relief is prayed, however, only in the event that the court should be of the opinion that the agreement of April 18, 1884, was not intended as a mortgage. In case the court should be of the opinion that the agreement was a mortgage, then the prayer is for foreclosure.

The court, from the judgment rendered, evidently found that the instrument was a mortgage, for it foreclosed a lien on the personal property covered by it. In that event, there being no averment of ownership of the real estate in the plaintiff, and no prayer to have his title thereto quieted, there was no authority to render the judgment quieting the plaintiff's title to the lots and tract of land.

The objection to the evidence bearing upon the question of the plaintiff's title to some of the land named in the judgment, should have been sustained, for there were no pleadings which presented an issue to which such evidence was appropriate. The pleadings and judgment present irregularities which are difficult to understand, but the entire record shows that the court below passed upon matters not fairly before it by the pleadings, and gave relief for which there was no prayer.

The judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 26, 1886.]