## MRS. F. WEIDEMEYER v. MRS. R. BRYAN.

### Decided June 22, 1899.

**1. Names—Idem Sonans—Judgment Void.**

Where defendant was cited as R. B. Bryant and the judgment followed the citation in that respect, it was null and void as against R. B. Bryan, the names not being idem sonans.

**2. Homestead in Town.**

Where a woman who is the head of a family and supports herself by keeping boarders owns two adjoining town lots, with a building on each, in one of which she lives, some of the rooms of the other building being occupied by her boarders and the others rented out, she may claim both lots as exempt, both having been purchased for homestead purposes.

APPEAL from Anderson. Tried below before Hon. W. H. GILL.

*Gregg & Brooks*, for appellant.

*P. W. Brown*, for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—The statement of the nature and result of this suit is thus given by appellant:

"This was an action of trespass to try title which was brought by appellant against appellee, and in which judgment was rendered for the defendant. Plaintiff deraigned her title through a judgment in the justice court and execution on such judgment, and levy, and sale under such levy, and a sheriff's deed to the property in controversy. The suit was filed against Mrs. R. B. Bryan, the citation was served on her in person, notice of levy on the execution was given to her in person, and she was represented by attorney at the sale, and gave notice that the property to be sold was her homestead. The defendant is the person who owed the debt upon which judgment was obtained, and is the person against whom all the proceedings were had. The judgment was rendered against Mrs. R. B. Bryant, and the execution followed the judgment. The defendant defended the suit in part on the ground that the land was her homestead, but the court found against her on this defense as to the eastern half of the lot sued for. The evidence shows that the defendant's real name is Mrs. R. B. Bryan, but we contend it also shows that she went by both names."

The cause was tried by the judge of the court without a jury, who filed his conclusions of fact and law, and from them it appears the judgment was given for the defendant, the appellee in this court, because,

in the opinion of the judge, the nouns "Bryan" and "Bryant" are separate and distinct names, and are not idem sonans, as insisted by the appellant.  We are not prepared to say, from the authorities, that the lower court erred in holding that these names are not idem sonans; and if not, then clearly the judgment is correct and must be affirmed.  The judgment in the Justice Court was null and void, as the party cited, being cited by another and different name than her own, was not required to answer the suit, and she could not be bound or affected by the proceedings in the Justice Court.  Favor v. Robinson, 46 Texas, 204.

But the appellee made defense to the suit of appellant on an additional ground than that of the nullity of the judgment of the Justice Court under which the plaintiff sought to establish title to the property in controversy, to wit, that the property was her homestead at and before the levy of the execution issued upon the judgment rendered in the Justice Court in favor of the appellant, and while this defense was not sustained by the trial court, we have concluded that the property was the homestead of the appellee when levied on by the appellant, and was not subject to forced sale.  The evidence shows that the property consists of two town lots adjoining each other, with improvements on each, and without a division fence between them; and that one of them was occupied by the owner, and some of the rooms of the house on the other lot were rented, while others were occupied by persons who boarded with appellee, she being the head of a family and supporting herself and children by taking boarders; and the evidence further shows that the property was expressly purchased for homestead purposes, and that its value is within the limit fixed by the Constitution to urban homesteads, and that appellee owned no other real property whatever.  Such being the relation of the appellee to the property, and such its uses at and before the plaintiff pretends to have acquired any lien upon the premises, we think the defense of homestead should have been sustained.  The judgment is affirmed.

*Affirmed.*

GILL, Associate Justice, did not sit in this case.