## WASH MORRIS AND WIFE v. G. W. WELLS.

Decided November 9, 1901.

**1.—Parol Gift of Land—Homestead.**

A parol gift by a married man of land which is part of the homestead, the donee taking possession of such part, is void for lack of compliance with the statutory provisions relating to a conveyance of such property.

**2.—Same—Improvements in Good Faith.**

Where a parol gift of land was void because the land was part of a homestead, and the donee took possession and made improvements in good faith, and sold to defendant who bought in good faith, defendant was entitled upon a recovery of the land by the donor, to a personal judgment against him for the value of the improvements.

**3.—Same—Limitations.**

Limitations would not run against the claim for improvements at least until after the gift had been disavowed by the donor.

**4.—Same—Rents.**

That the value of defendant's improvements could not, as provided by the statute, be made a charge against the land because of its homestead character, afforded no reason for imposing on him liability for rent, the court having found that the land, without the improvements, had no rental value. Rev. Stats. art. 5278.

Appeal from Fannin. Tried below before Hon. Ben. H. Denton.

*E. C. Armstrong* and *Gross & Gross,* for appellant.

*Richard B. Semple,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—Wash Morris owned a lot in Honey Grove, on which he resided with his family. His son, Nevison Morris, married in 1890, and he made a parol gift to his said son of an unimproved portion of the lot. Nevison Morris at once improved the property and went into possession. In 1896 he sold the same by warranty deed to Wells, and in 1898 surrendered possession to Wells. The evidence is sufficient to justify the conclusion that Nevison Morris claimed and treated the property as his own, and that Wash Morris knew that fact and assented thereto. Wells paid a valuable consideration, believing at the time he bought that he was getting a good title. His belief was based on the facts that his vendor was in peaceable possession and had been for years, and that he knew of no adverse claim. Inquiry on his part would have developed the fact that Nevison Morris was claiming under a parol gift, but would not have disclosed that Wash Morris was denying the gift or asserting its invalidity. In 1899, Wash Morris sued Wells in trespass to try title and for rents. Wells replied setting up the facts above stated and asking judgment for the value of the improvements which had been placed on the lot, in the event of the recovery of the land by the plaintiff. Wash Morris' wife made herself a party plaintiff, and joined in a supplementary petition wherein the homestead character of the property was pleaded in avoidance of the gift.

A plea of limitations was interposed to the claim for improvements. On a trial without a jury, judgment was rendered in favor of the plaintiffs for the land, but their claim for rents was disallowed, as the land, without the improvements, had no rental value. Judgment was rendered in favor of Wells against Wash Morris alone, for the value of the improvements, but no charge on account thereof was fixed on the land. Morris and wife alone have appealed.

The gift was void because the subject thereof was homestead, and the plaintiffs were entitled to recover the lot in controversy. Wash Morris was, however, liable to Wells for the value of the improvements, if the same were made in good faith. The evidence is such as to justify the finding that Nevison Morris and Wells acted in good faith, and had sufficient reason for believing that they had title to the lot. A parol gift of land, when the donee takes possession and makes valuable improvements, is sometimes sufficient to vest title. Hendricks v. Snediker, 30 Texas, 296. It seems that in this case the title failed only because the land was homestead and the transaction was not a compliance with the statutory provisions relating to a conveyance of such property. The claim of Nevison Morris and Wells was necessarily adverse to that of Wash Morris. Wells, being the holder of the rights of Nevison Morris, who was an improver in good faith, was entitled to personal judgment against Wash Morris for the value of the improvements. Eberling v. Deutscher Verein, 72 Texas, 341; Railway v. Greiner, 84 Texas, 450. Limitations would not run against the claim for improvements, at least until after the gift had been disavowed by the donor, which appears to have first occurred within two years before the claim was asserted in court. The trial court correctly applied the rule prescribed by article 5278, Revised Statutes, to the action for recovery of rents. But for the fact that no charge on account of the improvements could be fixed on the homestead, the judgment in favor of Wells for improvements would have been entered in exact accordance with the statute, and because he was deprived of his complete remedy in that respect, is no reason for imposing on him an obligation to pay rents for which he was not liable under the statute.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.