## SPIKES–NASH CO. et al. v. MANNING et al. (No. 1939.)

(Court of Civil Appeals of Texas. Texarkana. April 19, 1918. On Motion for Rehearing, May 9, 1918.)

1. HOMESTEAD ⊜⟿168—EXEMPTION FROM EXECUTION—INTENTION TO RETURN TO HOMESTEAD.

Where one leased his homestead for six years and moved to another state, then intending to return and live upon the homestead, which intention he had not abandoned at the time of its sale on execution, the sale was void.

2. ADVERSE POSSESSION ⊜⟿71(2)—"COLOR OF TITLE"—VOID DEED.

Under Rev. Civ. St. art. 5672, limiting the time in which certain suits to recover land against persons in peaceable and adverse possession under title or color of title may be brought, a void deed is neither title nor "color of title."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Color of Title.]

3. JUDGMENT ⊜⟿252(1) — CONFORMITY TO PLEADING—RELIEF NOT PRAYED FOR.

In a judgment awarding plaintiffs' recovery of homestead from claimants under a void deed, it was error to grant to plaintiffs rent for which their petition does not pray, in view of Rev. Civ. St. art. 7733, subd. 7, providing petitions "shall conclude with a prayer for the relief sought."

4. APPEAL AND ERROR ⊜⟿239 — COSTS — MOTION FOR RETAXATION—NECESSITY.

Appellant's complaint of the taxation of costs cannot be heard in the absence of a motion to retax below.

### On Motion for Rehearing.

5. ADVERSE POSSESSION ⊜⟿93 — PAYMENT OF TAXES.

In a suit to recover possession of land adversely held, the five-year statute of limitation does not apply, where defendant has paid taxes for only four years.

---

⊜⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Henderson County; John S. Prince, Judge.

Suit by L. B. Manning and others against the Spikes-Nash Company and others. Judgment for plaintiffs, and defendants appeal. Affirmed in part; reversed and remanded in part.

Wynne & Wynne, of Kaufman, for appellants. Richardson & Watkins, of Athens, for appellees.

HODGES, J. The appellees, L. B. Manning, S. P. Manning, and John Manning. filed this suit in the form of an action of trespass to try title, and asked that in the event they were not entitled to recover all the land to have a partition. The appellants answered by a general denial and plea of not guilty, and further pleaded the statutes of limitation of three, five, and ten years. The main defense appears to rest upon a claim of title by limitation under the three-year statute. It is conceded that the appellees owned the land prior to any claim asserted by the appellants. The evidence shows that this land is part of a tract of over 500 acres purchased by James Hudson and L. B. Manning prior to 1895. In 1902 there was a partition between Hudson and Manning; the latter occupied the portion awarded to him with his wife and family. During the year 1896 Manning's wife died, leaving him with a number of minor children. Some time thereafter Manning, together with his children, moved to Oklahoma and leased the place to a tenant for six years. At the time of leaving Texas Manning owed the Spikes-Nash Company an account of approximately $60. During his absence the Spikes-Nash Company brought suit against him on that account in the justice court, cited him by publication as a nonresident, had a writ of attachment levied upon the land in controversy, and secured a judgment for the debt and costs. An execution was levied upon Manning's land in 1906, and at a sale by the constable the land was purchased by the Spikes-Nash Company. It is under the deed executed by the constable by virtue of that sale under execution that the appellants based their claim of limitation. The evidence shows that they had been in possession under that deed more than three, but less than five, years.

The court submitted two issues to the jury: First. Was it the intention of Manning when he went to Oklahoma to return to the land in controversy and live on the same as his homestead? To this the jury answered, Yes. Second. Had Manning abandoned his intention to return to Texas and live on the land as his home at the date of the purchase by the defendants? To this the jury answered, No. Upon those answers the court rendered a judgment in favor of the appellees for the land sued for, and for the sum of $200 as rents. It appears that the parties had agreed that the rental value of the land amounted to $50 per year.

[1, 2] Under the findings of this jury the land was the homestead of Manning, and the sale made by the constable is void. Speer & Goodnight v. Sykes, 102 Tex. 451, 119 S. W. 86, 132 Am. St. Rep. 896; Id., 112 S. W. 422. The property being exempt, its seizure and sale by the constable were unauthorized, and his deed conveyed no right or interest to the purchaser. A conveyance which invests the grantee with no title whatever because of a lack of power in the grantor to convey may form the basis of a title by limitation under the five-year statute, but it cannot form a muniment under the three-year statute. To prescribe under article 5672 something more is required than a worthless paper. A void deed is neither title nor color of title. Thompson v. Cragg, 24 Tex. 582; Veramendi v. Hutchins, 48 Tex. 541; Linberg v. Finks, 7 Tex. Civ. App. 391, 25 S. W. 792; Grigsby v. May, 84 Tex. 249, 19 S. W. 344. In the first case cited above the court uses this language:

"Color of title differs from title only, in externals. The substance of both is the same. Were this not so, if color of title were something intrinsically and substantially less, or weaker than title, then the wisdom of the Legislature could not be vindicated, in applying the same period of limitation to a possession supported by the one, as is applied to a possession supported by the other. The shortest period of limitation of which the defendants could avail themselves in support of the title exhibited in evidence is five years."

The assignments predicated upon the defense of limitation are overruled.

[3] Appellant also insists that the judgment was erroneous in awarding a recovery of $200 as rents. This objection is based upon the fact that the amended original petition upon which the case was tried contains no prayer for rents as a part of the relief sought. While the petition alleges damages and rents, it concludes with this prayer:

"Wherefore plaintiffs sued and pray that defendants be duly cited, and that plaintiffs have judgment for the title and possession of said land and premises. But should it be decided that plaintiffs recover only a part of said premises, then that they have partition, and here allege said land is of the value of $15 per acre."

It will be seen that this prayer does not ask judgment for either damages or rents, but for the title and possession of the land alone. Neither is there any prayer for general relief. Article 7733 of the Revised Civil Statutes prescribes the requisites of a petition in an action of trespass to try title. Subdivision 7 is as follows: "It [the petition] shall conclude with a prayer for the relief sought." It has frequently been held that the plaintiff in a suit has no right to receive relief for which he does not ask. Wheeler v. Wheeler, 65 Tex. 573; Oustott v. Oustott, 27 Tex. 643; Hillebrant v. Barton, 39 Tex. 600; Edgar v. Galveston City Co., 21 Tex. 302; Houston v. Emory Sons, 76 Tex. 282, 13 S. W. 264. We are therefore of the opinion that the

appellees were not entitled to recover the rents awarded.

[4] Appellants also complain of the action of the court in awarding all of the costs of the suit against them. It appears that other parties had been joined with the appellants as parties defendant, who disclaimed, at the proper stage of the proceedings, in order to evade a judgment for costs. Appellants insist that so much of the costs as were incurred in making those disclaimers parties to the suit and entering judgment in their favor should be taxed against the appellees. The record fails to show that any motion to retax the costs was made in the trial court, and this is not the place to first raise that question.

That portion of the judgment awarding the land to the appellees will be affirmed; but for the error indicated the judgment allowing a recovery of rents will be reversed and remanded. The costs of this appeal will be taxed against the appellees.

### On Motion for Rehearing.

[5] Counsel for appellants insist in their motion for a rehearing that, some of the material facts regarding the defense under the five-year statute of limitation have been incorrectly stated in the original opinion. We have again examined the evidence, and find that it shows that the possession of the Spikes-Nash Company began in 1909. Suit was filed on the 21st of November, 1914, less than five years from the beginning of possession under the constable's deed. But even if we were in error regarding the length of time during which the appellant held possession, their defense under the five-year statute would be incomplete because the record shows they only paid taxes for the years 1909, 1910, 1911, and 1912.

There are some other immaterial clerical errors appearing in the original opinion, which will be corrected.