## GILES v. ROBINSON.*
### No. 5713.

Circuit Court of Appeals, Fifth Circuit.
Feb. 21, 1930.

Audley Harris, of Austin, Tex. (Harris & Harris, of Austin, Tex., on the brief), for appellant.

Coleman Gay, of Austin, Tex. (Woodward & Gay, of Austin, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from an order denying a bankrupt's claim of homestead exemption.

*Rehearing denied April 8, 1930.

The property claimed as exempt consists of 183 acres which the bankrupt acquired in 1899. He built a home and moved on it with his family in 1901, and continued to live on it until in 1912. He then moved with his family about 10 miles away to a 10-acre tract adjoining the city of Austin, in order that he might more conveniently send his children to school, but with the intention of later moving back on the 183-acre tract.

That intention was abandoned some six or seven years prior to bankruptcy because of the burning of his home on the larger tract. The bankrupt, from the time he acquired the 183-acre tract up to bankruptcy, had used it for general farming purposes. During the earlier years of his ownership he cultivated the land himself, but later rented part of it to tenants on half shares for the cultivation of cotton and corn. The part that was not rented he cultivated himself, and grew on it forage crops, a fruit orchard, and a small garden. The forage crops were used to feed the work stock and cattle that were kept on this land and on the 10-acre tract where he lived.

Article 16, § 51, of the Constitution of Texas, provides: "The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; the homestead in a city, town or village, shall consist of lot or lots, not to exceed in value five thousand dollars, at the time of their designation as the homestead, without reference to the value of any improvements thereon; provided, that the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the head of a family; provided, also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired."

The trustee in bankruptcy concedes that the bankrupt established his homestead on the 183-acre tract of land, but contends that this homestead was abandoned in favor of one on the 10-acre tract. Abandonment is supposed to result from the intention of the bankrupt never again to reside upon the original homestead. The Constitution provides that a homestead may consist of one or more parcels of land; and it is not doubted that it may embrace tracts of land several miles distant from each other, upon one of which the residence is situated. Baldeschweiler v. Ship, 21 Tex. Civ. App. 80, 50 S. W. 644. The referee, whose report was confirmed by the District Judge, relied principally upon Blackwell v. Lasseter, a decision of the Texas Court of Civil Appeals, reported in 203 S. W. 619. But that was a case where the question was whether a homestead had been established by a claimant who had never lived upon the land. The question here is whether a homestead, which admittedly was established, has been abandoned. Mere temporary letting of the whole of a homestead does not constitute abandonment. Much less could abandonment be predicated upon the temporary letting of a part of the homestead. Dunn v. Eckhardt (C. C. A.) 256 F. 315. In the case just cited, this court so held in an opinion by former Judge Batts, which contains an exhaustive review of the Texas decisions. In the case before us, the bankrupt never ceased to use the land in dispute as a part of his homestead, and its character was not changed by the fact that, after its establishment, he resided on a separate tract of land which formed a part of the homestead.

The decree appealed from is reversed.