**CROCKETT et ux. v. ATKINSON et ux.**

No. 10647.

Court of Civil Appeals of Texas.
Galveston.

June 24, 1937.

Rehearing Denied July 22, 1937.

Lane, Kilday, Maniscalco & McComb, of Houston (C. O. Marsh, of Houston, of counsel), for appellants.

Jos. F. Henson, McKinney & Henson, and Dewey S. Walker, all of Huntsville, for appellees.

GRAVES, Justice.

This appeal is from an order of the district court of Walker county—entered during vacation—refusing to dissolve the temporary injunction it had theretofore granted, restraining the sale under execution, pending a final hearing of the cause between the parties, of the property known as the "Sam Houston Hospital," located within the city of Huntsville; both the original order granting the writ and the subsequent one refusing to dissolve it had been entered by the court, after full hearings of the pleadings and evidence from both sides thereunto appertaining, and the record brought up to this court upon this appeal contains a statement of facts which reflects a full transcript of all the testimony received by the court on such hearing to dissolve.

The appellants, holding a $1,200 judgment against the appellees, levied an execution upon this property with the building on it, which was known as "the Sam Houston Hospital Lot," whereupon the appellees so applied to and obtained from the district court a temporary injunction restraining its sale thereunder, upon the ground that the property was, and had been since the original acquirement of the lot itself, as well as since the construction of the hospital building thereon, their business homestead, hence was exempt to them as such; the trial court sustained such homestead claim in granting the writ and again in thereafter refusing to dissolve it.

This court, after a full examination of the record—inclusive of the statement of facts—sustains the action so taken below, upon the finding and holding that the evidence was sufficient to support the judgment so rendered; it would serve no useful purpose to here detail, or even fully recapitulate, the evidence heard below, but this résumé of its controlling features presented in the appellees' brief is thought to furnish ample support, under our authorities, for the holding that the injunction was not improvidently granted and upheld:

"In 1912 appellees bought a tract in the City of Huntsville, built a house thereon, and lived there continuously with their family. In 1924 they bought the unimproved adjoining lot facing on the same street, immediately enclosing the two tracts in one fence, and using them both as a part of their residence homestead property. They had a garden for family use, cow-lot, chicken-yard, and wood-shed, on or partly on this adjoining lot, also pastured two or three head of milk cows thereon; it was bought to be so used, and continued to be so used until the fall of 1931, when the hospital was built thereon.

"In the fall of 1931 appellees decided to construct a building on this adjoining tract for use as a hospital, and planned it so that it could be converted easily and used for hotel, boarding, and rooming-house purposes, in the event the hospital business were not successful. Appellee, J. H. Atkinson, disposed of his cafe-business, and he and his wife began the operation of the Sam Houston Hospital, which they had thus built on the tract. That was the only business he as head of the family had, and it required the time and efforts of both of appellees to operate the hospital.

"Appellees continued to live in their dwelling on the east tract and to operate the Sam Houston Hospital on the west tract until June 15, 1934, when Mrs. Atkinson's health having failed to such an extent that they could not very well operate the hospital, they temporarily leased the Sam Houston Hospital to Dr. L. A. Barnes for one year, with no option for renewal. Appellees' intentions were to resume operation of the hospital at the end of the lease. Dr. Barnes got behind with rents, and appellees took possession of the hospital in March, 1935, before the end of the lease. However, Mrs. Atkinson was still in very poor health, and by reason thereof, appellees were unable to continue the operation of the hospital, and were about to go into and use same as their residence, and to operate it as a hotel and rooming-house, when Dr. Barnes and Dr. Black arranged for a lease for one year, with option of renewal for one year. The lease, however, unless extended, to terminate February 15, 1936.

"Appellees again took charge of the hospital and operated same from February 15, 1936, to June 15, 1936; Mrs. Atkinson still being in poor state of health, appellees decided to lease for one more year to Dr. L. A. Barnes. This lease carried no renewal option, appellees having the fixed intention to resume operation of the hospital on June 15, 1937, or to move into the building and operate it as a hotel, boarding and rooming-house, and to use the garage-apartment, occupied as a residence by them, in connection with and as an adjunct to it.

"Appellee, J. H. Atkinson, has had no occupation, business, or calling, except the operation of the Sam Houston Hospital, since 1931, and has acquired no other property, or place to pursue his business or calling. Appellees own no other property, besides the two tracts, which they thus made their homestead in 1924 at the time they acquired the second one of them."

Since there was evidence to support the quoted testimony, the presumption of law is that the court so found: these authorities justifying, if not indeed requiring, its consequent judgment: Postal Sav. & Loan Ass'n v. Powell (Tex.Civ.App.) 47 S.W. (2d) 343; 29 Corpus Juris, § 27, page 808; Const.Tex. art. 16, § 51; Connelly v. Johnson (Tex.Civ.App.) 259 S.W. 634; Weidemeyer v. Bryan, 21 Tex.Civ.App. 428, 53 S. W. 353; Storrie v. Woessner (Tex.Civ. App.) 47 S.W. 837; H. P. Drought & Co. v. Stallworth, 45 Tex.Civ.App. 159, 100 S.W. 188; Rollins v. O'Ferrel, 77 Tex. 90, 13 S. W. 1021; Bogart v. Cowboy, etc., Co. (Tex. Civ.App.) 182 S.W. 678; Spikes-Nash Co. v. Manning (Tex.Civ.App.) 204 S.W. 374; Purdy v. Grove (Tex.Civ.App.) 35 S.W.(2d) 1078; McKenzie v. Mayer (Tex.Civ.App.) 20 S.W.(2d) 238; Mayfield Co. v. Owens (Tex.Civ.App.) 65 S.W.(2d) 343; Giles v. Robinson, 38 F.(2d) 228 (C.C.A.); Johnson v. Duncan (C.C.A.) 61 F.(2d) 1007; Scottish American Mortg. Co. v. Milner (Tex.Civ.App.) 30 S.W.(2d) 582; Houston Chronicle Pub. Co. v. Allen (Tex.Civ.App.) 70 SW.(2d) 482.

It follows, perforce of the conclusions of fact and law stated, that appellants' contention that this property had in the first instance not been shown to have become the business homestead of the appellees, but if it had, that it had thereafter been segregated and abandoned as such, were not sustained. The judgment will be affirmed.

Affirmed.