Ester Faye TOLMAN, Appellant,

v.

Sammy OVERSTREET et ux., Appellees.

No. 1277.

Court of Civil Appeals of Texas, Tyler.

Nov. 15, 1979.

J. Thomas Sullivan, Preston DeShazo, De-Shazo, DeShazo & Sullivan, Dallas, for appellant.

Harry R. Heard, Gilmer, for appellees.

McKAY, Justice.

This is a trespass to try title case.

In 1953 Hiram and Lorene Fannin acquired by deed a 7.9 acre tract of land in Upshur County, Texas. Hiram Fannin was the father of appellant, Ester Faye Tolman, and the grandfather of appellee, Darla Overstreet, the wife of appellee Sammy Overstreet. In January of 1968, Sammy and Darla Overstreet moved into a house located on a portion of Hiram and Lorene Fannin's property and have resided there since that date.

Lorene Fannin died on December 18, 1974. On February 5, 1975, Ester Faye Tolman, as the only surviving heir with the exception of Hiram Fannin, conveyed her interest in the property to Hiram Fannin. On March 12, 1975, Hiram Fannin died.

After Hiram Fannin's death, appellant sought an heirship proceeding in the District Court of Upshur County seeking a determination of the lawful heirs of Hiram Fannin. The court found appellant to be the sole heir of Hiram Fannin and found she was entitled to all of the interest in the estate. Pursuant to that determination, appellant sought to have appellees removed from the property.

Appellant brought suit to recover 2.46 acres of land on which appellees have resided, damages for the unauthorized use of the land, and exemplary damages. Appellant further alleged that appellees converted the following personal property which belonged to Hiram Fannin's estate: (1) seven cattle worth $700.00; (2) a washer and dryer worth $700.00; and (3) $543.62 worth of cash which was a refund for a set of wedding rings that Hiram Fannin ordered for his fiancee Lola Machen.

Appellees answered by a general denial and a plea of not guilty. Appellees filed a Second Supplemental Answer which further alleged that they entered upon the land in dispute relying on an oral gift of the land from Hiram Fannin and, with his consent, made valuable improvements upon said land.

The jury answered nineteen special issues summarized as follows: (1) that Hiram Fannin intended to and did give a house and land to Sammy and Darla Overstreet during his lifetime; (2) that the gift was made before December 18, 1974; (3) that Hiram Fannin gave to Sammy and Darla Overstreet a gift of land therein described; (4) and (5) that Sammy and Darla Overstreet possessed the house and land and made permanent and valuable improvements therein with the consent of Hiram Fannin; (6) and (7) that Sammy Overstreet did not convert seven head of cattle owned by Ester Faye Tolman; (8) and (9) that Sammy Overstreet converted a washer and dryer owned by Ester Faye Tolman worth $100.00; (10), (11), and (12) that Hiram Fannin ordered a set of rings and died before they were received and that Sammy and Darla Overstreet did not convert $543.62 which belonged to the estate as a refund for said rings; (13) and (14) that Sammy and Darla Overstreet were not occupying property owned by Ester Faye Tolman without her consent; (15) and (16) that Sammy and Darla Overstreet made improvements on the property in dispute in the amount of $3500.00; (17), (18), and (19)

that it was necessary for Sammy and Darla Overstreet to care and feed seven cattle owned by Hiram Fannin at the time of his death and that they incurred expenses in the amount of $325.00 for the care and feeding of such cattle.

The trial court rendered judgment awarding to appellees the property claimed under the gift, $325.00 spent on the care and feeding of the cattle, and the wedding rings. The appellant was awarded the cattle and $100.00 for the conversion of the washer and dryer. At the close of the evidence, appellant moved for instructed verdict which was granted in part and overruled in part. In partially granting the motion, the court ruled that Lorene Fannin did not make a gift of the disputed property prior to her death. Additionally, appellant filed a motion styled "Plaintiff's First Motion for Judgment Non Obstante Veredicto and for Judgment on Finding of the Jury" which was overruled by the trial court. Appellant duly perfected her appeal, bringing nine points of error.

Although some of appellant's points are multifarious, appellate courts have given a liberal interpretation of the rules which will permit us to consider these points. *Kroger Co. v. Cellan*, 560 S.W.2d 505, 507 (Tex.Civ. App.-Tyler 1977, writ refused n. r. e.).

Appellant's first point of error complains that the trial court erred in overruling her Motion for Judgment Non Obstante Veredicto and entering judgment for appellee because the findings of the jury established that the parol gift of the property was void as a matter of law. Appellant argues that the disputed property was the homestead of Hiram and Lorene Fannin and, since both Hiram and Lorene Fannin did not join in the conveyance of the property, under Section 5.81 of the Texas Family Code, the conveyance is void. We sustain this point.

■ A homestead is the dwelling house constituting the family residence, together with the land on which it is situated and the appurtenances connected therewith. *Gann v. Montgomery*, 210 S.W.2d 255, 258 (Tex. Civ.App.-Fort Worth 1948, writ ref'd n. r. e.). The possession and use of real estate by one who owns it, and who, with his family, resides upon it makes it the homestead of the family in law and in fact. *Garrard v. Henderson*, 209 S.W.2d 225, 230 (Tex.Civ.App.-Dallas 1948, no writ); See Art. 3833, Tex.Rev.Civ.Stat.Ann., and Art. 16, Sec. 51, Constitution of Texas. Moreover, the courts have always given a liberal construction to the Constitution and Statutes to protect homestead rights. *Woods v. Alvarado State Bank*, 19 S.W.2d 35 (Tex. 1929).

■ Under the record we conclude that the property in question was the homestead of Hiram and Lorene Fannin. Counsel to both parties stipulated to a common source of title and the record reflects that Hiram and Lorene Fannin lived on the tract of land from 1953 until their respective deaths. Moreover, no evidence was presented that the homestead was ever abandoned, and appellee had the burden to show abandonment. *Canales v. Oliver*, 322 S.W.2d 411, 413 (Tex.Civ.App.-San Antonio 1959, writ ref'd, n. r. e.).

■ Appellee argues the fact that two separate houses existed on the same tract of land defeats characterization of the property as homestead. Appellee offers no authority in support for this proposition. It is well established that the purchase of a lot on which two houses have been constructed, followed by the occupancy of one, may support a finding that both structures are homestead. *Scottish American Mortgage Co. v. Milner*, 30 S.W.2d 582 (Tex.Civ.App.-Texarkana 1930, writ ref'd); *Weidemeyer v. Bryan*, 21 Tex.Civ.App. 428, 53 S.W. 353 (Tex.Civ.App.1899, no writ); 28 Tex.Jur.2d Homesteads § 71 at 458 (1961). Accordingly, we reject this argument.

The Texas Constitution art. 16, sec. 50 specifies that the husband shall not sell the homestead without the consent of his wife given in such manner as may be prescribed by law. Section 5.81 of the Texas Family Code, which was in effect on the date of this transaction, provides:

Whether the homestead is the separate property of either spouse or community

property, neither spouse may sell, convey, or encumber it without joinder of the other spouse except as provided in Section 5.82, 5.83, 5.84, or 5.85 of this code or by other rules of law.

Lorene Fannin did not join in the conveyance of the disputed property. In response to Special Issue No. 2, the jury found there was no gift made after December 18, 1974, the date of Lorene Fannin's death. The trial court, by partially granting appellant's motion for instructed verdict, specifically found there was no gift by Lorene Fannin prior to her death. Accordingly, it follows that Lorene Fannin did not join in the conveyance of the homestead property. Moreover, the Defendant's (appellees) Second Supplemental Answer pled an oral gift of the property from only Hiram Fannin, and all of the special issues submitted to the jury inquired about a gift from Hiram Fannin—not one inquired about the joinder of Lorene Fannin.

■■ Because we have found that the conveyance of the property in question without the joinder of Lorene Fannin violates Section 5.81 of the Texas Family Code, the legal effect of the conveyance must be examined. Since *Grissom v. Anderson*, 79 S.W.2d 619 (Tex.1935), the prevailing view has been that an attempted conveyance of homestead property by the husband without consent of his wife is merely inoperative so long as the property continues to be homestead, or until the homestead is abandoned or until the conveyance is ratified. *Kunkel v. Kunkel*, 515 S.W.2d 941 (Tex.Civ.App.-Amarillo 1974, writ ref'd n. r. e.). Such a conveyance is void as to the wife's interest and she will not be bound by the husband's parol gift of land on which the family has resided. *Morris v. Wells*, 27 Tex.Civ.App. 363, 66 S.W. 248 (Tex.Civ.App.-1901, writ ref'd); *Stallings v. Hullum*, 89 Tex. 431, 35 S.W. 2 (Tex.1896); 28 Tex.Jur.2d Homesteads § 118 at p. 522 (1961). We find no evidence in the record of ratification of the conveyance by Lorene Fannin nor do we find evidence of abandonment of the homestead. Therefore, we hold that the purported oral gift of the disputed property by Hiram Fannin to appellees is void.

Appellant's second through sixth points of error attack the sufficiency of the evidence in support of the jury's finding that Hiram Fannin made a valid oral gift to appellees, the sufficiency of appellee's pleadings with respect to the oral gift, and the failure of appellee's pleadings to support the special issues which were submitted with respect to said gift. In view of our disposition of appellant's first point of error, it is unnecessary to address these points.

■ Appellant's seventh point of error complains that the trial court erred in awarding $325.00 to appellee because the jury's finding in Special Issue No. 19 was not supported by the evidence or the pleadings. In response to Special Issue No. 19, the jury found that appellees had expended $325.00 for the feed and care of seven cattle and the trial court entered judgment for that amount. This issue was not supported by the pleadings and therefore, it was error to submit it to the jury.

2 McDonald Texas Civil Practice Section 7.55 at p. 305 (1970 rvd. ed.) provides:

In a trespass to try title action, the Defendant may assert freely counterclaims setting up any interest which he may have in the disputed property . . . . Defendant must allege factual propositions sufficient, when construed with the unequivocal allegations of the Plaintiff's petition, to establish a right to affirmative relief and pray for the relief he seeks. An answer which sets forth merely defensive pleas is not transformed into a counterclaim by the addition of a prayer asking that Defendant's title be quieted or that the cloud cast thereon by Plaintiff's claim be removed.

Also see: *Crosby v. Di Palma*, 141 S.W. 321 (Tex.Civ.App.-El Paso 1911, writ ref'd).

In their original Answer and Second Supplemental Answer, appellees pled not guilty, a general denial, an oral gift of the disputed property, and valuable improvements in reliance upon such gift. There was an alternative plea for the value of

improvements made. Appellees did not assert a counterclaim for reimbursement for amounts expended for the care and feeding of cattle nor did they set forth any factual allegations to support a right to affirmative relief; appellees' pleadings merely reflect a defensive position with respect to the title of the disputed property. We sustain appellant's seventh point of error.

Appellant's eighth point of error contends that the trial court erred in rendering judgment based upon the jury's answers to Special Issues No. 10, 11, and 12 because the relief granted by the trial court was not supported by appellees' pleadings and was contrary to the evidence. In response to Special Issues No. 10, 11 and 12, the jury found that Hiram Fannin, before his death, ordered a set of rings worth $543.62 and paid for said rings, that Hiram Fannin died before the rings were received by him, and that Sammy and Darla Overstreet did not convert the refund which was due the estate for the rings.

■ After an examination of the record we find sufficient evidence to sustain the jury's findings that a gift of the refund for the rings was made to appellees. The record reflects that Hiram Fannin planned to remarry, that he gave to his future wife, Lola Machen, a receipt for the rings before his death, and that Lola Machen gave the receipt for the rings to appellees. However, we find that the trial court erred in awarding the rings to appellees, but such error was harmless.

A careful examination of the evidence reveals that the order for the rings was cancelled after the death of Hiram Fannin and the payment refunded; the appellees never obtained possession of the rings. Therefore, since none of the parties had physical possession of the rings, it was error to attempt to award them to appellees.

In view of our disposition of the appeal we find it unnecessary to discuss appellant's ninth point of error.

The judgment of the trial court insofar as it awarded title and possession of the 2.46 acres and the house thereon to appellees,

and insofar as said judgment awarded $325.00 to appellees for feeding and care of cattle is reversed, and judgment is here rendered for appellant; the judgment is reversed and remanded for trial of questions of rental value and improvements of the property.