MOSES STEVENS, plaintiff in error, v. STEVENS STEBBINS, defendant in error.

*Error to Hancock.*

In relation to variances, courts at the present day are not confined to the rigid rule of *idem sonans,* but adopting a more liberal and reasonable one, enquire whether the variance be material or immaterial. If there be a material and substantial variance, it is fatal; otherwise it is not.

There is no material variance between *"Steven"* and *"Stevens."*

THIS cause was heard in the Court below, at the May term, 1840, before the Hon. Peter Lott and a jury. Verdict and judgment were rendered in favor of the plaintiff for $134 debt, and $8.04 damages.

The cause was submitted without argument.

J. A. McDOUGALL, for the plaintiff in error.

A. WILLIAMS, for the defendant in error.

DOUGLASS, Justice, delivered the opinion of the Court:

The record in this cause shows that Stevens Stebbins brought his action of *petition and summons* in the Hancock Circuit Court, against Moses Stevens. The petition is in the usual form, to which the defendant filed the plea of *nil debet.*

On the trial, the plaintiff offered in evidence a note corresponding precisely with the note set out in the petition, with this exception; the note described in the petition is made payable to *Steven* Stebbins, and the one offered in evidence is payable to *Stevens* Stebbins.

The defendant objected to the reading of said note in evidence, upon the ground of variance, and the Court overruled the objection.

The defendant below brings the cause into this Court, and assigns for error the decision of the Court below in permitting said note to be read in evidence.

The law does not treat every slight and trivial variance, such as the omission or addition of a letter, as fatal. The variance should be a substantial and material one, such as would render the instrument offered in evidence a different and distinct instrument from the one described in the petition, to authorize the Court to exclude it from the jury on the ground of variance. The rule of *idem sonans,* when strictly adhered to, is considered too rigid, and has been much relaxed in modern practice.

Even in a criminal case, the Supreme Court of Indiana has decided that "there is not a fatal variance between the name *Beck-*

*with*, in a warrant named in the indictment, and *Beckworth* in that produced on the trial." (1)

In the case of Turnble *et al. v.* the State, (2) the same Court has held that there was not a material variance between the names Susan and Susanna, where they were used promiscuously, one for the other. The Court says, " if two names are taken promiscuously to be the same, in common use, though they differ in sound, there is no variance. (3) Where two names are derived from the same source, or where one is an abbreviation or corruption of the other, but both are taken by common use to be the same, though differing in sound, the use of one for the other is not a misnomer." (4) According to these authorities, it appears that the courts at the present day are not confined to the rigid rule of *idem sonans*, but adopting a more liberal and reasonable one, enquire whether the variance be material or immaterial. If there be a material and substantial variance, it is fatal ; otherwise it is not. In the case now under consideration, we are of the opinion that the variance between *Steven* and *Stevens* is entirely immaterial, and consequently the Circuit Court decided right in permitting the note to be read in evidence.

Judgment affirmed with costs.

*Judgment affirmed.*