## WILKERSON vs. THE STATE.

If two names have the same original derivation, and both are taken according to common use to be the same, though differing in sound, the use of one for the other is not a material. misnomer.

### ERROR TO GREENE CIRCUIT COURT.

#### STATEMENT OF THE CASE.

The only question presented in this case, is whether the circuit court did right in refusing to admit the defendant's plea in abatement to be filed; and in not allowing an issue to be made upon that plea.

ROBARDS, Attorney General, for the State.

The action of the circuit court, in rejecting the plea in abatement, was right.

1. A defendant cannot take advantage of a mistake in his *surname* by a plea in abatement. Upon this point, see 2 Hawkins pleas, Crown, page 328; 7 Bacon's Abridgment, p. 8.

2. The defendant, in his plea, acknowledges himself to be the person indicted; and upon this ground the plea ought to have been rejected. 8 Tenn. Rep. 515; 3 do. 185; 5 do. 487; 1 Chitty Crim. Law, 448.

3. The plea does not profess to set forth the defendant's *true* name, but only an acquired name. 1 Chitty Crim. Law, 447.

4. If two names are, in original derivation, the same, and are taken promisciously in common use, though they do differ in sound, yet there is no variance. Chitty's Genl. Practice, 3 vol. page 171. In the case there mentioned, Reynall and Reynolds are considered the same sound. See also 16 East. 110, 7 Mo. Rep. 142; Hutson and Hudson are considered the same. 2 Cain Rep. 362; 1 Wash C. C. R. 289; 2 do. 202; 2 New Hamp. Rep. 557.

RYLAND, Judge, delivered the opinion of the court.

This case presents no other question before us than the act of the court below, in treating the defendant's plea in abatement as a nullity.

We are satisfied that the plea is not a good one, and that the matter set forth in the plea is not susceptible of being properly plead in abatement; and we are not disposed to complain of the court below in thus treating it.

The authority in 2 Hawkins' Pleas of the Crown, cited by the Attorney General, sustains his position; but without saying any thing to sanction that authority, we are satisfied that this plea has no merits. "Wilkerson" or "Wilkinson," like the names of "Robinson" or "Robertson," or "Roberson," "Hudson," or "Hutson," so much alike in sound, so nearly the same in original derivation, and so promiscuously taken in common use, that the variance in orthography may be considered so nearly nothing, as that the law will not notice it. "*De minimus non curat lex.*"

The authority cited from 1 Washington's Circuit Court Reports, (U. S.) will shed much light upon this subject to those among us, who yet seem so fond of technicalities, that have met with no favor in courts of justice for more than a century.

In this case the bill of exceptions shows, that when the case was called for trial, the defendant announced himself ready. A jury was sworn to try the case, and by their verdict found the defendant guilty of the offence of gaming, assessed his punishment to ten dollars, and then the defendant complains that his plea in abatement had not been tried. We are satisfied with the action of the court, in paying no attention to his plea; in treating it as a mere nullity.

He has had the advantage of a jury to try his guilt or innocence. He has no cause to complain.

Let the judgment be affirmed.