THE STATE, Appellant, vs. HAVELY, Respondent.

1. A court may say, as a matter of law, upon demurrer to a plea in abatement to an indictment, that "Owens D. Havely" and "Owen D. Haverly" are *idem sonans*. (SCOTT, J., dissenting, holding that it was a question of fact for a jury.)

*Appeal from Cooper Circuit Court.*

*Gardenhire,* (attorney general,) for the State. There was no misnomer. The names in the indictment and plea are the same in sound. But, though different in sound, it would make

no difference. The true question is, not whether the names differ in sound, but whether they are the same in derivation or common use. (1 Wash. C. C. R. 290. 2 N. Hamp. 558. 3 Chitty's Prac. 170. 13 Mo. Rep. 92. 14 Mo. Rep. 417.)

*W. Adams*, for respondent. 1. No writ of error lies. (R. C. 1845, tit. "Prac'ice and Proceedings in Criminal Cases," art. 8.) 2. The plea was good. There was a misnomer, both in the christian and surname. There is as much difference between Owens and Owen, as between Adams and Adam. They are not *idem sonans*, but distinct names. (*Rex* v. *Foster*, 1 British Crown Cases, 1 Russ. & Ry. 412. 2 N. Hamp, 558. 13 Johns. Rep. 486. 1 East, 542. 16 East, 112.)

RYLAND, Judge, delivered the opinion of the court.

Owens D. Havely was indicted at the March term, 1854, of the Cooper Circuit Court, by the name of Owen D. Haverly, for selling fermented and distilled liquor, to-wit: one quart of whisky, one quart of wine, one quart of ale, one quart of beer, on the first day of the week, commonly called Sunday, contrary, &c. He appealed, and pleaded the misnomer in abatement; that he is named and called Owens D. Havely, and not *Owen D. Haverly*.

To the plea, the State demurred; the Circuit Court overruled the demurrer, and the State not further answering, the court rendered judgment in favor of the defendant, finally discharging him from the indictment. The State excepted to the rulings of the court, and brings the case here by writ of error.

The State contends that there is no misnomer; the names in the indic'ment and in the plea are the same in sound; but if not the same in sound, they are the same in derivation or common use, and that a difference in spelling avails not.

The defendant contends that the plea is good; that there is a misnomer both in the christian and surnames; that the defendant's christian name is Owens and not Owen; that these are not *idem sonans*, but distinct names. So also with the surnames—Havely and Haverly.

There are two ways of answering the matter set up in the plea in abatement; where the names, although spelt differently, have the same sound or have the same derivation, they are considered the same name, and a demurrer to the plea, in such cases, is the proper way to dispose of it. The court can see at once that the names have the same derivation, or have the same sound, and that in law there is no misnomer.

The other way to take advantage of the plea is, to reply that the defendant is known as well by the one name as the other; and if the jury find this to be so, it is a good answer to the plea.

In this case, we consider the names the same in sound, and that the court should have sustained the demurrer. The decisions are numerous on this subject, and somewhat contradictory. I will notice a few of these decisions in the English courts, as well as those of the Union. In *Rex* v. *Foster*, (1 British Crown Cases, 412, reported also in Russell & Ryan,) the prisoner was tried before Mr. Baron Garrow, at the Maidstone Lent assizes, in the year 1820, for committing an unnatural crime on one John Whyneard. The person on whom this crime was committed, being called as a witness, said his name was spelt Winyard, but was pronounced Winnyard. The prisoner was convicted and received sentence of death, but execution was respited in order that the opinion of the judges might be had on the objection that the name of the witness was misspelt. In Easter term, following the conviction in 1820, the judges held the conviction right. This could only be on the ground that the name of the person on whom the offence was committed, that Whyneard and Winyard are the same, either in sound or derivation, and that this could be determined by the court.

In *Regina* v. *Davis*, (6 British Crown Cases, 231,) the indictment was for larceny; the property stolen was laid as the property of Darius Christopher. The prosecutor, when called, said his name was Trius. In this case, it was held entirely a question for the jury whether the names sounded alike; therefore, as it had been treated at trial as a question of law for the

court, the conviction was quashed. This case is not reconcilable with that of *Rex* v. *Foster*, above cited. In this case, the court said the question for the court is, "are the words, 'Trius' and 'Darius' pronounced so as to produce the same sound? If so, the conviction is to stand; if not, the prisoner is to be entitled to an acquittal." The court held the conviction must be quashed, as the chairman of sessions had not treated the question respecting the similarity of sound of the two names as a question of fact for the jury, but as a question of law, which it was for him to determine; and this court could not affirm, as a matter of law, that the two names sounded alike. Here, this case is settled on the principle that, whether the two names are in sound alike, so as to come under the rule of *idem sonans*, is left to the jury, and not to the determination of the court. In *Foster's case*, the court determined it; whether the two names are, in sound, the same, has been often settled by the courts. They have determined this matter without a jury in numerous cases. In *Davis' case*, the question was, "are the words 'Darius' and 'Trius' pronounced so as to produce the same sound?" and this was a question for the court. Now had the court thought those words produced the same sound, the conviction would have been sustained; but the court could not say those names were *idem sonans*, because, in fact, they are two different words in English, and whether in the Dorset dialect they were sounded alike, was a question of fact for the jury. This court has held, on demurrer, that the names of "Hudson" and "Hutson" were of the same sound, and were one and the same name. It has been held that "Reynoll" for "Reynolds" is no misnomer—same derivation. So, "Tither Leigh" for "Tythe Leigh" is no misnomer—the same sound. (See Chitty's Gen. Pract. 3d vol. p. 171.) So has Wilkerson for Wilkinson been considered no misnomer; Robertson—Robinson—Roberson; Hudson—Hutson—all the same in sound, and no misnomer in using one for the other. (13 Mo. Rep. 91.) Hinsdale, instead of Hinsdall; Benedetts for Beniditts. The name of Allen is now spelt some seven or

State *v.* Havely.

eight different ways. (2 N. Hamp. Rep. 558.) Franciscus and Frances; Garet, Gerald and Gerard are the same, *idem sonans*, or the same in derivation. (1 Washington Circuit Court Rep. 290.)

In England, pleas of misnomer in abatement are abolished in civil suits, and in lieu of them, the defendant, upon his affidavit, may have his true name inserted in the record at the plaintiff's costs. And, in criminal cases now, these errors, whenever suggested, are corrected by amending the indictment according to the truth; and they are unavailable, if not amended. (7 Geo. IV. 1 Archb. Crim. Pract. III.)

Wherever, then, in our opinion, the name is the same in sound or in derivation, this may be determined by the court, on demurrer, although spelled differently. But where they are different names, both in sound and derivation, there the party who answers the plea must reply that the person pleading the misnomer is known as well by one name as he is by the other.

We consider the names Owens and Owen, as christian names, and as surnames, so nearly the same, and so familiarly used, that they may be taken as one and the same in sound. The insertion of the letter " r," in Havely, making it Haverly, according as the name is pronounced, can scarcely be discerned. If the name be pronounced as a trisyllable, it is almost identical in sound.

The question in this case involves the mode of answering the plea. Should the State have replied, that the defendant was known as well by the one as the other? or is the name in the indictment and the name in the plea the same in sound or in derivation, so that the court can say so on demurrer? Must the State rely upon a fact, and therefore reply to the plea and leave the fact to be found by a jury; or, is this a case where the matter involved is a question of law, which the court can determine? We consider this a case involving a question which the court can properly determine, and that the demurrer has raised that question. We are of the opinion, that the Circuit Court erred in overruling the States' demurrer to the plea of

misnomer ; that the two names are of the same sound, and should have been so held by the court.

The judgment below is reversed, and this cause remanded for further proceedings ; Judge Leonard concurring ; Judge Scott dissenting.

SCOTT, J., dissenting. This is a small matter, but it had as well be established upon principle ; as in establishing it upon principle we will prevent parties from coming to this court with such questions. Whether two hawks or two horses are alike is not a question of law, but a matter of fact. So, whether two names are the same, or whether their sound is the same, is a question of fact. Whether two words sound alike in the pronunciation, is no question of law, but is a matter of fact. It is a rule of law that, if two names sound alike in their pronunciation, although they are spelt differently, yet they are the same name. But whether in sound they are in fact the same, is a question of fact, and a question to the solution of which no law learning affords the least assistance. It is a question of fact ; it should, in all cases, be submitted to a jury, and the courts should never take upon themselves to decide it.

In the case of *Regina* v. *Davis*, (6 British Crown cases,) it was held that it was entirely a question for a jury whether two names sounded alike. In the case of *Rex* v. *Foster*, (1 British Crown cases,) the defendant was tried for an unnatural crime, and there was a conviction : and the question of the identity of the names being submitted to the jury, it received the approbation of the judges. Our reason tells us that, whether any two things are alike, is not a question of law, but a matter of fact. It makes no difference whether the things are compared through the medium of our eyes or ears, or any other sense ; it is equally a matter of fact, whether they are alike.

The court, in my opinion, did right in overruling the demurrer filed for the State. The State should have taken issue on the plea, and the matter should have been submitted to the jury.