## GARRETSON v. SELBY.

37  529
89  148

**Sale of personal property:** DELIVERY: MISDIRECTION IN SHIPMENT. The defendant, W. H. Selby, ordered of plaintiffs, who were wholesale grocers, one barrel of sugar, which was accordingly shipped, but by clerical error, directed to H. W. Selby, instead of W. H. Selby. The defendant never received the sugar. *Held,* in the absence of any thing appearing that the loss of the sugar was in any way attributable to the error in direction, that the defendant was not absolved thereby from liability.

*Appeal from Keokuk Circuit Court.*

MONDAY, DECEMBER 8.

THIS action was originally brought bofore a justice of the peace, upon an account for one barrel of sugar, $27.40. The defendant denied the account, and on a trial, the justice rendered judgment for plaintiff, for the amount claimed. The defendant appealed to the circuit court, where the cause was tried to the court without a jury, and resulted in the following findings of fact and conclusions of law, to wit:

1. The plaintiff is a wholesale grocery merchant, residing and doing business in Muscatine, Iowa. The defendant is engaged in mercantile business in Sigourney, Iowa.

2. On the 5th day of June, 1871, one Stiles, who was the traveling salesman of plaintiff, called at defendant's business house in Sigourney, for the purpose of selling to defendant a bill of goods. The defendant had been in the business for several years previous thereto, under the name of H. W. Selby, and had transacted more or less business with plaintiff.

3. But previous to the visit in question, and about March, 1869, the defendant had formed a partnership with one George Cissna, under the firm name of H. W. Selby & Co., and had ordered and received several bills of goods from plaintiff in the firm name of *H. W. Selby & Co.*

4. At the time of the visit of said Stiles, the old sign of H. W. Selby remained over the door, and said agent did not him-

VOL. XXXVII. — 67

self know of the change in the name of the house, or of the existence of said firm.

5. At said date plaintiff's said agent received an order from said Cissna, who was transacting the business of the store, for one barrel of sugar, $27.40. It was understood between them that said sugar should be shipped by rail from Muscatine to Washington, Iowa, which was then the nearest railroad point to Sigourney.

6. The order was forwarded to plaintiff's house, and plaintiff promptly delivered the sugar to the railroad company at Muscatine station, on the 8th day of June, 1871, and received the company's receipt therefor.

7. Said barrel of sugar was directed to W. H. Selby (not H. W. Selby) Sigourney, Iowa; was duly forwarded by said company to Washington, and was there delivered by the railroad company to one of the teamsters who was engaged in hauling goods between Washington and Sigourney, and who had before hauled goods for defendant.

8. The defendant never received the sugar, nor did the firm of H. W. Selby & Co., but the same is lost, and neither defendant nor his firm has ever had any knowledge thereof.— And as conclusions of law from the foregoing facts, I find,

That while it is true that a delivery of goods to the railroad company, if properly addressed and in accordance with the directions of the buyer, is a delivery to the buyer, yet as these goods were not so delivered, but were misdirected, being directed neither to the defendant individually nor to his firm, and a loss occurring, the loss must fall upon the seller. Judgment is therefore rendered against plaintiff for costs, taxed at $——

To which conclusions of law and rendition of judgment plaintiff at the time excepted.

The plaintiff appeals.

*Harned & Fonda* for the appellants.

*Woodin & McJunkin* for the appellee.

COLE, J. — The rule of law applicable to cases of this character is well stated in *Whiting* v. *Farran*, 1 Conn. 60, as follows: " When a contract is made for the sale of goods which are not delivered, but are to be sent to the purchaser, if the vendor send them in the mode agreed on or directed by the purchaser; or, if no agreement be made or direction given, in the usual mode; or, if the purchaser, on being informed of the mode, assents thereto; or, if there have been other sales and conveyances of other goods and the vendor continues to send them in the same mode, then the goods during the voyage are at the risk of the purchaser."

The facts found show that the agent of the plaintiff, through whom the defendant ordered the sugar, did not know of the existence of the firm, nor was there any thing connected with the order or the business in which it was made or the surroundings where made to notify him of the firm. Hence the sugar in controversy might properly, under the facts found, have been directed or consigned to the defendant personally. It was so consigned, except that by a clerical error the initials to his name were transposed. It should have been directed to " H. W. Selby," whereas it was directed " W. H. Selby." Will this error defeat the plaintiff? The circuit court held, as a matter of law, that it would.

In *Woodruff* v. *Noyes*, 15 Conn. 334, the purchaser, in making his order for the goods, directed them to be shipped " to the care of F. W. Bushnell," but they were not so shipped. In a controversy between the vendors, as attachment creditors before delivery to the purchaser, who had become insolvent, and other prior attachment creditors, the trial court instructed the jury that as the goods were not shipped as directed the purchaser was not bound to receive them. This was sustained in the supreme court, on the ground that " it was the duty of the plaintiffs, if they would bind the purchaser to the acceptance of the property, not only to send it to him within at least a reasonable time, but also to comply with the conditions on which it was to be purchased, as to the manner in which it was to be transmitted. This being prescribed

in the contract, we cannot say that it was not essential." This opinion is therefore grounded upon the idea that the direction as to manner of shipment was an essential condition of the contract to purchase. While in this case there was no direction as to shipment, or condition in the contract, except such as the law implies.

In *Finn* v. *Clark*, 12 Allen, 522; S. C., 10 id. 479, the vendor shipped the goods without any bill of lading and with no other direction upon them than the mere initials of the consignee — neither the residence of the consignee nor the place of consignment of the goods were given, and they were destroyed by fire and never delivered to the consignee, though he had paid for them directly after the purchase. In an action wherein the purchaser claimed to recover the amount so paid by him, the trial court seems to have left it to the jury to determine as matters of fact whether the direction was sufficient, whether the loss was in consequence of the defective direction, whether there was a waiver of it by the purchaser or sufficient subsequent advices to cure the defect. The jury found for the purchaser and against the consignor, and this was affirmed in the supreme court. In this case there is no finding of fact that the loss of the sugar was in consequence of the erroneous or defective direction.

In *Bonner* v. *Marsh*, 10 Smedes & Marshall, 376, the consignment was by a planter to his commission merchants, and the shipment was held not to be a delivery to the consignees, because there was no sale to them under which a delivery could be symbolized. These cases bear more directly upon the one under consideration than any other cases we have seen.

In the absence of any finding of fact that the loss of the sugar was attributable in any way to the error in transposing the defendant's initials; or in other words, that the error or defect in the direction was material, we cannot say as a matter of law, that the defendant is absolved thereby from obligation to pay. There was a sale and a constructive delivery.

Reversed.