## H. C. DILLAHUNTY v. HARRISON DAVIS.

### No. 6730.

1. **Pleading.**—A defendant who was sued on a promissory note answered among other things that he was only a security, and that upon signing the note it was agreed between him and the plaintiff that he (plaintiff) would obtain the signature of one Warren to the note, which was not done; and, further, that his codefendants, who were the principals, were solvent when the notes matured, and that plaintiff failed to exercise diligence to collect them until the principals became insolvent. *Held*, that an exception to that portion of the answer was properly sustained.

2. **Variance—Idem Sonans.**—The plaintiff sued *H. C. Dillahunty* on two promissory notes. The signature of the maker was signed *H. C. Dillaunty* to one and *H. C. Dillahinty* to the other. The notes were set out in the petition *in hæc verba* except the signature, which was written "H. C. Dillahunty" in both notes. *Held*, that there was no variance, and the notes were within the rule of *idem sonans* and were properly admitted in evidence.

APPEAL from Haskell. Tried below before Hon. J. V. Cockrell.

The opinion states the case.

*H. C. McConnell* and *Ed. J. Hamner*, for appellant.—1. The petition having declared upon the notes *in hæc verba*, when offered in evidence they should have corresponded in every material particular. As they differed in a material particular they should have been excluded upon objection made. One of the notes sued on was set out in the petition *in hæc verba* as a note signed by H. C. Dillahunty; the note offered in evidence under this allegation was signed H. C. Dillaunty. The other note sued on was alleged to have been one signed by H. C. Dillahunty; the note offered in evidence was signed H. C. Dillahinty. The notes being set out *in hæc verba* and there being no allegation that they were signed by Dillahunty and by mistake written Dillaunty and Dillahinty, they should have been excluded on objection made. Shipman v. Fulcrod, 42

Texas, 248; Brown v. Martin, 19 Texas, 344, and authorities cited; Hunt v. Wright, 13 Texas, 549.

2.    The petition having declared upon the notes *in hæc verba*, and the notes offered in evidence varying from those declared upon, the judgment is unsupported by the petition and should be set aside.

3.    When a party has no interest in and is not to be benefited by the original contract, but signs a note simply as an accommodation for an original contractor, he is but a surety and not a joint obligor, and a judgment rendered against him as a joint obligor is erroneous. Brandt on Surety., sec. 1; Smith v. Shelden, 35 Mich., 42; Rev. Stats., arts. 3662, 3663.

4.    Where one signs a note as a surety upon condition that a certain other person is to sign it also as a surety otherwise the same is to be an escrow and in no way binding upon the one signing, and such condition is known to the payee, unless such condition is fulfilled the surety signing is not bound by his signature. Brandt on Surety., secs. 348, 349, 350, and notes; Smith v. Doak, 3 Texas, 215; Loving v. Dixon, 56 Texas, 75.

5.    The court erred in finding due diligence was used by appellee, and that appellant was not released by want of diligence on appellee's part. The first note became due January 1, 1887. Suit was filed August 26, 1887. County Court was held in February, May, and August of that year. The said note was within the jurisdiction of said court, and District Court was held in April of that year. Gen. Laws 19th Leg., p. 110; Gen. Laws 17th Leg., p. 130; Const., art. 5, sec. 17, p. 35; Rev. Stats., art. 3661.

No brief on file for appellee.

HENRY, ASSOCIATE JUSTICE.—Appellee instituted this suit against appellant and two other parties upon their two joint promissory notes, which were set out *in hæc verba* in plaintiff's petition.

Defendant Dillahunty answered by general denial, by a plea that he signed the notes only as security for his codefendants and with an express agreement with plaintiff that he (plaintiff) would procure one Warren to sign the notes as surety, and that if he failed so to do that defendant Dillahunty should not be bound as a party to them, and that plaintiff did fail to procure said Warren's signature to the notes, whereby defendant was discharged from liability. He further pleaded that at the time said notes matured his codefendants, who are the principals in said notes, were solvent, and that plaintiff failed to exercise ordinary diligence to collect them until said principals became insolvent, wherefore he prays to be discharged.

The court properly sustained an exception to the last plea and gave plaintiff judgment for the amount of the notes.

The name of defendant was signed to the notes produced in evidence as follows:  To one, H. C. "Dillaunty;" to the other, H. C. "Dillahinty." It is insisted that on account of the variance between the notes offered in evidence and those described in the petition they ought to have been excluded.  We think the notes are within the rule of *idem sonans* and were properly admitted as evidence.

A number of other errors are assigned but are entirely unsustained by the record.

The judgment is affirmed.

*Affirmed.*

Delivered June 18, 1889.