**CARSON, PIRIE, SCOTT & CO. v. HAUK et al. (No. 1636.)**

(Court of Civil Appeals of Texas. El Paso. April 17, 1924.)

**1. Sales 161—Buyer's liability for price of goods lost in transit because of misdirection depends on facts in each case.**

Whether buyer of goods lost in transit is liable because of error in name and address placed thereon when delivered to carrier depends largely on facts in each case; it being unreasonable to hold buyer liable if misdirection was due to seller's fault, unless error did not cause or contribute to loss.

**2. Sales 161—Buyer held liable to seller for price of goods lost in transit.**

Buyers of goods shipped in package addressed to wrong name, but plainly directed to small town, wherein they had been in business for long time, and there was no other firm of name similar to that on package, *held* liable for price of goods, which were lost in transit.

**3. Names 16(3)—"Hawk & Riland" and "Hauk & Eiland" held not idem sonans.**

"Hawk & Riland" and "Hauk & Eiland" *held* not idem sonans.

**4. Evidence 20(2)—Common knowledge that carrier could easily deliver package to only firm of name similar to that given thereon in small town.**

It is matter of common knowledge that carrier would experience no difficulty in delivering package addressed to small town wherein there is only one firm of name similar to that on package if latter reached such town.

**5. Sales 201(4)—Remedy of buyer for loss of misdirected goods in transit held against carrier, not seller.**

Remedy of buyer for loss in transit of goods plainly addressed to small town, in which there is no other firm of name similar to incorrect name on package, is against carrier, not seller.

**6. Appeal and error 1177(7) — Cause remanded on reversal of judgment for further development of certain question.**

Where case may not have been fully developed on question whether loss of goods in transit was attributable to seller's error in buyer's name on package, judgment for seller will not be rendered on reversal of judgment for buyer, but cause will be remanded for retrial.

Appeal from Jones County Court; J. F. Lindsey, Judge.

Action by Carson, Pirie, Scott & Co. against J. B. Hauk and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Kirby, King & Overshiner, of Abilene, for appellant.

Thomas & Pope, of Anson, for appellees.

HIGGINS, J. Appellant, a corporation, brought this suit against the appellees, J. P. Hauk and A. A. Eiland, composing the firm of Hauk & Eiland, to recover $219.99, the price of some shirts alleged to have been sold and delivered to the appellees. Upon trial without a jury judgment was rendered that the plaintiff take nothing. Findings and conclusions were not filed by the trial court.

Appellees were engaged in the gentlemen's furnishing business at Anson, Tex., a town of about 1,500 inhabitants, containing 25 or 30 business houses. The name of the firm was Hauk & Eiland. The appellees ordered the shirts from appellant, and on July 2, 1920, appellant delivered a package containing the same to the Wabash Railway at Chicago, Ill. The package was marked and addressed to Hawk & Riland, Anson, Tex. Bill of lading was issued naming Hawk & Riland, Anson, Tex., as consignee. The goods were never delivered to appellees, and the record is silent as to what became of them after delivery to the carrier.

The appellee Hauk testified:

"I never heard from the shipment or from the plaintiffs in the case in regard to the same from the time order was made until some time in September, 1920, and no carrier ever notified me of the shipment. I got a letter inquiring as to my financial standing and wanting a statement in regard to same. Nothing was said or mentioned in regard to the shipment of these goods. The letter was addressed to Hawk & Riland. I have never received the goods in question or any part of same, although after inquiry by plaintiffs I made an investigation at both the Wichita Valley and Abilene Southern depots, and found nothing whatever in regard to the shipment of the goods. * * *

"My name is spelled 'Hauk' and is pronounced 'Howk,' the 'au' being pronounced 'ou' in house. The other member's name of the firm is Eiland, pronounced as 'i' in island. I have several relatives with the same surname as myself living near the town of Anson who are engaged in farming."

### Cross-Examination.

"Prior to July 1, 1920, I had been in business in Anson, Tex., for about 13 years under the firm name and same style of Hauk & Eiland. We were in the gents' furnishing business. Anson was at that time a city of about 1,500 inhabitants, and contained from 25 to 30 business houses. There never has been a firm engaged in business in Anson, Tex., by the name of Hawk & Riland since I have been in business here, and never has been a man by the name of Hawk or Riland engaged in business in Anson since I have been here. I was well acquainted with the agent of the Abilene & Southern Railway Company at the time the shipment is said to have been shipped. I am well acquainted with the people residing in the vicinity of Anson trade territory, and do not know any man by the name of Riland. I received the letter through the United States mail, and testify that it was addressed under the name of Hawk & Riland. I may have received packages during the time I have been in business in which my

name was spelled Hawk, but I do not recall such instances. I have never received any shipment of goods under the name of Hawk & Riland."

[1] The authorities are meager and not altogether clear as to what effect is to be given to an error in the name and address placed upon goods when delivered to the carrier. It has been held that, if by reason of an insufficient designation of the consignee and place of destination the goods are delayed in transit, and while delayed destroyed by fire in the possession of the carrier, a claim of delivery to the buyer so as to render him liable for the price cannot be sustained. Finn v. Clark, 10 Allen (Mass.) 484; Id., 12 Allen (Mass.) 522. On the other hand, it has been held that a slight error in the name of the buyer and addressee, and which is not shown to have contributed in any way to the loss of the goods while in transit, will not prevent the delivery to the carrier from being regarded as a delivery to the buyer so as to render him liable to the seller for the price thereof. Garretson v. Selby, 37 Iowa, 529, 18 Am. Rep. 14. In our opinion no fixed rule upon the subject can be safely announced, and each case must in large measure depend upon its own facts. The two cases cited illustrate the difficulty which would be experienced were it attempted to apply an inflexible rule. It would be unreasonable to hold the buyer liable when his failure to receive the goods was attributable to a misdirection due to the fault of the seller. On the other hand, it would seem to be but proper to hold that a slight error in the name of the buyer would not prevent the passing of title so as to render him liable for the price unless it were shown that the error caused or contributed to the loss of the goods while in the possession of the carrier.

We apprehend that in an action by the consignee against the carrier for nondelivery the latter could not defend by merely showing an immaterial error in the name of the addressee, but must also show that such error caused or contributed to the loss of the goods. 10 C. J. 120, 6 Cyc., 380.

[2-5] In Garretson v. Selby, supra, H. W. Selby & Co., of Sigourney, Iowa, ordered a barrel of sugar from Garretson. H. W. Selby had been in business for several years in Sigourney under the name of H. W. Selby. A few months prior to the order he formed a partnership with Geo. Cissna under the name of H. W. Selby & Co. The sugar was delivered to a carrier directed to W. H. Selby. At the time the old sign of H. W. Selby remained over the door of the store house of the firm. While in the possession of the carrier the sugar was lost. In an action by the seller for the price it was held:

"In the absence of any finding of fact that the loss of the sugar was attributable in any way to the error in transposing the defendant's initials, or, in other words, that the error or defect in the direction was material, we cannot say as a matter of law that the defendant is absolved thereby from obligation to pay. There was a sale and a constructive delivery."

It seems to us that the holding made was correct, and that the same rule should be applied here. The package was plainly directed to Anson, Tex. The error in the name of the consignee could not have affected the transportation to Anson. It could only have affected delivery to the consignee after its arrival there. It is true, as suggested by appellees, Hawk & Riland and Hauk & Eiland are not idem sonans, but the similarity is great. Anson was a small town with few business houses. The firm had been in business a long time, and there was no other firm of a similar name. It is a matter of common knowledge that under the circumstances no difficulty would have been experienced by the carrier in making delivery to appellees had the package reached Anson. It is inconceivable that the error had any connection with the failure of the carrier to transport and make proper delivery. In our opinion the delivery to the carrier passed the title, and the loss of the goods, as between the seller and the buyer, must be borne by the latter, whose remedy is against the carrier.

[6] The case may not have been fully developed upon the question of whether the loss was attributable to the error in the name of appellees. The judgment will not be rendered, but remanded for retrial.

Reversed and remanded.