## GUARANTY ABSTRACT CO. v. RELF.
### (No. 305.)

(Court of Civil Appeals of Texas. Waco. Jan. 28, 1926. Rehearing Denied Feb. 18, 1926.)

**1. Taxation ☞591.**

Statutory requirements for service by publication in proceedings for collection of delinquent taxes must be strictly complied with.

**2. Names ☞16(1).**

Where party has actually been served or is in court, names of similar sound or pronunciation are *held* idem sonans.

**3. Names ☞16(1)—Service by publication under other than defendant's real name in suit involving property rights, is insufficient, unless published name both appears and sounds similar to real name.**

Where property rights are involved, service by publication under name other than defendant's real name is not sufficient to support judgment by default under idem sonans doctrine, unless name, as published, both appears and sounds similar to real name.

**4. Names ☞16(3)—"Mrs. A. O. Rolf" held not idem sonans with "Mrs. Annie O. Relf" as affecting validity of service by publication in proceeding for collection of delinquent taxes.**

In determining validity of sale in proceedings for collection of delinquent taxes, the name

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Mrs. A. O. Rolf," as appearing in notice of service by publication, *held* not idem sonans with name "Mrs. Annie O. Relf," the property owner, and therefore service and sale were void.

Appeal from District Court, McLennan County; Sam. R. Scott, Judge.

Trespass to try title by Mrs. Annie O. Relf against the Guaranty Abstract Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Jas. P. Alexander, W. H. Forrester, and A. T. Blackshear, all of Waco, for appellant.

Curtis Douglass and W. L. McConnell, both of Waco, for appellee.

BARCUS, J. Appellee instituted this suit against appellant in trespass to try title. Appellant answered by a plea of not guilty. The cause was tried to the court, and resulted in a judgment for appellee. The court filed its findings of fact and conclusions of law, which constitute the only statement of facts in the record.

The property involved is lots 3 and 4, block 16, of the Prather's Anita Park addition to the city of Waco. Appellee, Mrs. Annie O. Relf, a widow, claims title by a regular chain from the sovereignty. Appellant claims title by virtue of a tax sale. In November, 1920, the city of Waco filed suit against Mrs. A. O. Rolf for delinquent taxes against the above property. The attorney for the city filed an affidavit that he was not able, after diligent search, to locate Mrs. A. O. Rolf, and service by publication was had on her. A judgment was rendered and order of sale issued, and, under the finding of the court, all the proceedings in said suit were regular, except that the name of appellee in said tax suit was "Mrs. A. O. Rolf" instead of "Mrs. Annie O. Relf." The court further found that, when the suit was filed, the deed records of McLennan county showed that the property was owned by Mrs. Annie O. Relf, and further found that, while the city attorney who filed the tax suit and made the affidavit did not know her address, he could have, by the exercise of reasonable diligence, ascertained same. The trial court found as a matter of law that the names "Mrs. Annie O. Relf" and "Mrs. A. O. Rolf" were not in fact idem sonans, and that by reason thereof the tax judgment was void, and that the alleged tax sale did not convey title.

Appellant presents two propositions: First, that the tax judgment is valid because the names "Mrs. Annie O. Relf" and "Mrs. A. O. Rolf" are idem sonans, and citation by publication for Mrs. Rolf was sufficient to notify and bind Mrs. Relf; and, second, that the tax judgment, being regular on its face, cannot be attacked collaterally by reason of the affidavit of the city attorney being unfounded because of the fact that he could have ascertained her residence by the exercise of

reasonable diligence. We will discuss the propositions in the order stated.

[1] The Supreme Court of Texas, in the early case of Edrington v. Allsbrooks, 21 Tex. 186, stated that "notice by publication is, at best, but a miserable substitute for personal service," and it has been the policy of our courts to strictly scrutinize a judgment obtained on constructive service by publication. Since service by publication is purely a statutory method, and the Legislature has provided a special method for the collection of delinquent taxes, our courts have consistently held that said statutes must be strictly complied with. Harris v. Hill, 117 S. W. 907, 54 Tex. Civ. App. 437; Byrnes v. Sampson, 11 S. W. 1073, 74 Tex. 79; Davenport v. Rutledge (Tex. Civ. App.) 187 S. W. 988.

[2-4] The question of what names are, and what are not, idem sonans has been the source of much and varied litigation and opinions. The most complete treatment of the subject which we have found is in the elaborate notes to Thornily v. Prentice, 100 Am. St. Rep. 322, in which several pages of names that have been held idem sonans and a number of pages of those that have not been are set forth. Under the general trend of authority, as we construe same, the rule may be stated that, where the party in question has been actually served, or is actually in court, names of similar sound or pronunciation have been held to be idem sonans, since there could be no injury. On the other hand, the general rule, as we understand same from the weight of authority, is that, where property rights are involved and service is had by publication, unless the name of the defendant as published would both appear and sound similar to the real name of the defendant, it is not sufficient to support a judgment by default. In the leading case on this question (Bosse v. Cadwallader, 24 S. W. 798, 86 Tex. 336) the Supreme Court held that, where a suit had been brought by Bosse, and through some clerical error the judgment had been written up as "Busse," the names were idem sonans, and did not make the judgment void. In that case the parties were all in court, and no one was affected by said judgment, except those who had actual knowledge thereof. To the same effect is the holding in the case of Dillahunty v. Davis, 12 S. W. 55, 74 Tex. 344, in which it was held that there was not a variance in the notes pleaded and offered in evidence, where one note was signed "H. C. Dillaunty" and the other "Dillahinty"; the court holding that the names were within the rule of idem sonans. It appears in that cause that the party who actually signed the notes was the one being sued and had answered and was present in court. To the same effect is the holding in the case of Arnall v. Newcom (Tex. Civ. App.) 69 S. W. 92, where the court held that a deed signed by Arnall and the acknowledgment stated it was

"Arnold" was admissible in evidence, since the notary certified that the party who actually signed the deed was the one who acknowledged same. To the same effect is the case of Lyne v. Sanford, 19 S. W. 847, 82 Tex. 58, 27 Am. St. Rep. 852, where the Supreme Court held that the names "Forris" and "Farris" were idem sonans. In that case, however, the evidence offered on the trial of the case established the fact that they were one and the same party, and the question of service by publication was not involved.

On the other hand, in the early case of Shields v. Hunt, 45 Tex. 424, the court held that "Coonrod Fernash" and "Conrad Furinash" were not idem sonans, and in the case of McRee v. Brown, 45 Tex. 503, the court held that service by publication, where the name was published "Robert McKee" when the real name was "Robert McRee," would not support a judgment on the doctrine of idem sonans, and in said opinion stated:

"In support of a judgment against a nonresident on constructive service, evidently the court should indulge in no presumption not strictly and clearly warranted by the record."

In Faver v. Robinson, 46 Tex. 204, the court held that service on "Faver" would not support a judgment by default against "Favers." In Simpson v. Johnson (Tex. Civ. App.) 44 S. W. 1076, it was held that "Hilburn," "Holbein," and "Holburn" were not idem sonans. In Selman v. Orr, 12 S. W. 697, 75 Tex. 528, the Supreme Court held that "Lindsley" and "Lindsey" were not idem sonans. In Weidemeyer v. Bryan, 53 S. W. 353, 21 Tex. Civ. App. 428, it was held that "Bryan" and "Bryant" were not idem sonans. In distinguishing G., H. & S. A. Ry. Co. v. Morris, 61 S. W. 709, 94 Tex. 505, from the case of Faver v. Robinson, supra, the Su-

preme Court held that it was not error for the trial court to refuse to quash the depositions directed to the witness Walters, when same were signed "Walter," since it was shown that the witness who actually testified was the one designated and the one that all parties knew was being questioned, and, in effect, as we understand the opinion, holds that, if it had not been shown that the party testifying was the witness wanted and known by all parties, the depositions should have been quashed. In Myers v. DeLisle, 168 S. W. 676, 259 Mo. 506, 52 L. R. A. (N. S.) 937, and notes, the question of idem sonans is fully discussed, and in that case it was held that in a tax suit notice by publication directed to "J. A. Myer" was not sufficient to support a judgment against "J. A. Myers." In Fred Schoenfeld v. Bourne, 123 N. W. 537, 159 Mich. 139, 30 L. R. A. (N. S.) 122, and in the elaborate notes thereto, it is held that service by publication on "William H. Denton" would not support a judgment against "William H. Dunton," and in Hubner v. Reickhoff, 72 N. W. 540, 103 Iowa, 368, 64 Am. St. Rep. 191, it was held that service by publication on "Keesel" would not support a judgment against "Keisel."

If, in this case, Mrs. Relf or her friends had seen a citation published in the paper against Mrs. Rolf, it would not likely have occurred to them that it was a suit against her. We recognize the rule that there is no criterion by which proper names may be pronounced or spelled. We do not believe, however, the trial court was in error in holding that the citation served by publication on Mrs. A. O. Rolf was not sufficient to bind Mrs. Annie O. Relf.

We have examined appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.

STANFORD, J., not sitting.