C. L. BRIGGS V. THE STATE.

No. 24030. Delivered May 12, 1948.

*Murray J. Howze,* of Monahans, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $50.00 for driving a motor vehicle on the highway while intoxicated.

The first proposition brought forward claims a variance between the complaint and information. The complaint alleges that appellant, while under the influence of intoxicating liquor, was driving a motor vehicle, "to-wit: 140 Chevrole Sedan," upon a public highway in Winkler County. The information filed thereon said that the motor vehicle was a "1940 Chevrolet Sedan." The complaint and information are sufficient when they allege a motor vehicle without describing it. Having described the motor vehicle it became incumbent upon the State to prove the same. It is to be observed that the only difference between the complaint and information is that the letter "t" is omitted from the word "Chevrolet" in the complaint.

The question is so well settled under the many cases discussing the doctrine of idem sonans that we would hardly notice it here but for the fact that appellant, in his very well prepared brief, has called attention to a number of cases which have gone through the civil docket which he contends sustain his position. He then admits that the decisions of this Court are to the con-

trary and inisists that we should follow the rule in civil cases, as he interprets the decisions.

The following civil cases are cited. In Weidemeyer v. Bryan, 53 S. W. 353, "Bryan" and "Bryant" are held not to be idem sonans. A proper understanding of the rule makes this perfectly apparent. The comparison of the word "Sam J. Whitney" and "Samuel J. Withey," in Conn v. S. W. Settlement & Development Co., 222 S. W. 612, would likewise to be understood without difficulty.

In Carson, Pirie, Scott & Co. v. Hauk, et al, 261 S. W. 533, it is much more difficult to understand the holding of the court in which "Hawk" and "Hauk," words pronounced with the same sound, should be held not to come within the rule. In Guaranty Abstract Co. v. Relf, 280 S. W. 616, "Mrs. A. O. Rolf" was held not to be idem sonans with "Mrs. Annie O. Relf," so as to validate service by publication in proceedings for the collection of taxes. The two civil cases last referred to are not so easily reconcilable with the unbroken line of decisions of the Court of Criminal Appeals, which we think has properly interpreted the rule.

It was said by Judge Morrow, on the second motion for rehearing in Jones v. State, 27 S. W. (2d), at page 656, "The law does not treat every slight variance, if trivial, such as the omission of a letter in the name, as fatal. The variance should be a substantial and material one to be fatal." The original opinion by Judge Lattimore, the opinion on motion for rehearing by Judge Hawkins, and the opinion on the second motion from which the quotation is taken, discuss the line of decisions to that date and reveal the consistency with which this Court has followed the rule.

The rule is followed in the more recent case of Raven v. State, 193 S. W. (2d) page 527. The indictment there alleged that the appellant burglarized a building belonging to "Gale Zoder" and the charge to the jury submitted that "Gale Zoda" owned the building. The appellant was not misled. He would have no difficulty in pleading former jeopardy if subsequently indicted for the same offense. It was said further, "The rule is that if an attentive mind finds difficulty in distinguishing the words by the sound, when correctly pronounced, the rule applies. In such event it is hardly probable that a party at interest has been injured by a difference in the spelling."

Chevrolet is generally not otherwise pronounced than that given by the French. The "t" is silent. If it were spelled without the "t" the pronunciation would be the same and there is no distinguishment to be made between the sound of the words as found in the complaint and in the information.

A case exactly in point dated 1894, which has been consistently followed, is Hall v. State, 25 S. W. 292. It was there held that "George" in the complaint and "Georg" in the information are idem sonans. For many illustrations see Branch's Criminal Law, page 403, Sec. 626. So far as we have been able to find, no holding of this Court has been to the contrary and appellant has cited us to none.

The undisputed facts reveal that appellant was driving his automobile in the town of Kermit and ran into and collided with an automobile parked at the sidewalk. The proof is ample to sustain the finding of the jury that he was intoxicated. While there is no denial by any witness that appellant was driving the car, he is very insistent that the court erred in permitting the sheriff to testify that appellant told him he was driving it. That position is based on the contention that appellant was under arrest when he made the statement. Other bills complain of the same evidence given by the deputy sheriffs.

In the first place, the objection to such testimony did not raise that question. The objection was that the question asked was leading and suggestive. While Bill of Exception No. 3 complains of the evidence of L. L. Gray to the effect that appellant told him he was driving the car, the statement of facts (page 24) quotes this witness as saying that he heard the appellant tell the sheriff that he was driving down the street and that this lady backed into him—that he was driving east. This evidence seems to be in the record without objection and, having come into the record without objection, a bill taken to subsequent like testimony will not be sustained even when proper objection has been made.

Finding no reversible error the judgment of the trial court is affirmed.